{¶ 1} Defendants-appellants, Granger Materials, Inc. and C.A.J. Properties, Inc., appeal from a common pleas court order enjoining them (1) within four months, to crush and remove or otherwise dispose of all material (including but not limited to, concrete, cement, rock, conglomerate, slag or comparable materials) then present on premises which C.A.J. leased from Norfolk Southern Railway, (2) from dumping or delivering any additional material (including that cited above) or causing or allowing it to be dumped or delivered, onto the premises, and (3) from operating any kind of concrete or material recycling, storage, crushing or dumping operation or otherwise conducting any business that emits dust which interferes with plaintiffs' use and enjoyment of their property. Appellants argue that appellees did not present clear and convincing evidence to support the issuance of the injunction, and the injunctive relief ordered is excessive because it prohibits all beneficial uses of the premises. We find the trial court did not abuse its discretion by issuing the injunctive relief. Therefore, we affirm.
 Procedural History {¶ 2} The complaint in this case was filed on September 26, 2003. It alleges that plaintiffs-appellees are eight businesses involved in food sales, storage and distribution variously located on Crayton, Croton, Orange and Woodland Avenues and East 40th Street in Cleveland, Ohio. Defendants-appellants C.A.J. and Granger lease property from defendant Norfolk Southern Railway Co. at the intersection of *Page 4 
Crayton and East 40th Streets, which they use for the purpose of engaging in a concrete and rock crushing operation. Plaintiffs alleged that this operation created large quantities of dust and debris which accumulated on their neighboring premises. Plaintiffs claimed that the defendant's business was a nuisance, and constituted a trespass on their properties. Plaintiffs further claimed that Norfolk Southern breached a duty of reasonable care it owed to its other tenants, which included some of the plaintiffs. Plaintiffs demanded injunctive relief as well as compensatory and punitive damages and attorneys' fees.
 {¶ 3} Granger and C.A.J. answered and counterclaimed for defamation and tortious interference with the contract between them and Norfolk Southern. Plaintiffs voluntarily dismissed their claims against Norfolk Southern, with prejudice, before trial.
 {¶ 4} The case proceeded to trial on plaintiffs' claims for preliminary and permanent injunctive relief on November 7, 2005. On March 31, 2006, the court entered its order finding clear and convincing evidence that the defendants' activities on the property constituted a qualified private nuisance and trespass, but that plaintiffs had not demonstrated that these activities were either a public nuisance, an absolute nuisance, or a nuisance per se.
 {¶ 5} The court found that defendants' daily activities generated pervasive quantities of dust which migrated onto adjoining properties. The court found that the dust generated by defendants' business interfered with plaintiffs' ability to conduct *Page 5 
their food-related businesses, requiring them to clean their premises and equipment much more frequently than before defendants' operations began. In addition, plaintiffs have had to replace equipment damaged by the dust.
 {¶ 6} The court found that this area has been occupied by food-related businesses, including many of the plaintiffs, for decades before defendants began their business there in 2003. The court noted that defendants' business was portable, and the property in question was not particularly adapted to it. The court therefore enjoined the defendants as follows:
 "1. [The defendants are] [permanently and immediately enjoined from dumping/delivering or allowing to be dumped/delivered, any material, including but not limited to concrete, cement, rock, conglomerate, slag or other comparable materials on any land leased by CAJ Properties from Norfolk Southern Railway Company, further described in the lease agreement and drawings attached hereto as Court's Exhibit 1.
 "2. The Defendants shall crush, remove or otherwise dispose of, all of the material (previously set forth in paragraph 1) that is currently present on said premises within four (4) months from the entry of this Order.
 "3. The Defendants Granger Materials, Inc. and CAJ Properties, Inc. are:
 "Permanently and immediately enjoined from operating or allowing to operate (other than operations necessary to complete the matters set forth in paragraph 2 above) on any land leased by CAJ properties, Inc. from Norfolk Southern Railway Company, further described in the lease agreement and drawings attached hereto as Court's Exhibit 1.
 "a. Any type of concrete or material recycling operation, material storage operation, dumping or crushing business or operation;
 "b. Storage of crushed and/or uncrushed concrete or other material in piles or otherwise; *Page 6 
 "c. Dumping any concrete, cement, conglomerate or other rocky substance;
 "d. Otherwise conduct any business or operation, which emits or causes to be emitted dust into the air, which interferes with the Plaintiffs use and enjoyment of their properties."
 {¶ 7} This court dismissed defendants' initial appeal from this order on the ground that the trial court's order was not final and appealable. The trial court then disposed of the remaining claims by an agreed journal entry, and appellants instituted the present appeal.
 Law and Analysis {¶ 8} We review the trial court's decision to grant injunctive relief for abuse of discretion. See, e.g., Danis Clarkco Landfill Co. v. ClarkCounty Solid Waste Mgmt, 73 Ohio St.3d 590, 604, 1995-Ohio-301.
 {¶ 9} In their first assignment of error, appellants contend that plaintiffs did not demonstrate by clear and convincing evidence that they were entitled to injunctive relief because they did not show that the dust constituted an irreparable harm. One of the prerequisites of injunctive relief is that the plaintiff must show there is no adequate legal remedy to compensate him or her. In general, an adequate remedy at law is available where the plaintiff's loss is capable of being measured in pecuniary terms. Mid-America Tire, Inc. v. PTZ Training Ltd.,95 Ohio St.3d 367, 2002-Ohio-2427, 4|79. On the other hand, however, "`[i]t is not enough that there is a remedy at law; it must be plain, adequate and complete; or in other words, as *Page 7 
practical, and as efficient to the ends of justice and its prompt administration, as the remedy in equity.'" Culver v. Rodgers (1878),33 Ohio St. 537, 545, quoting Boyce v. Grundy (1830), 3 Pet. 210,28 U.S. 210, 215, 7 L. Ed. 655.
 {¶ 10} Appellants claim that the costs associated with the dust produced by their business were quantifiable and thus compensable with an award of monetary damages. However, the trial court did not abuse its discretion by concluding that appellants' remedy at law was inadequate. While monetary damages could compensate plaintiffs for the cost of replacing equipment damaged by dust and the cost of manpower and cleaning products to remove the dust, compensation for these costs does not completely abate the harm caused by the dust. Employees and others who visit plaintiffs' businesses breathe it. It accumulates on both personal and business vehicles and on products being shipped in and out of their premises, as well as the premises themselves. It is a constant source of irritation and inconvenience. Furthermore, while the past damage to plaintiffs may have been compensable, it was proper for the court to enjoin repetition of the harm in the future, to avoid a multiplicity of suits. Cf. Fisher v. Bower (1909), 79 Ohio St. 248, 259. Plaintiffs demonstrated by clear and convincing evidence that a monetary award would not compensate them as adequately or completely as an injunction. Therefore, the court did not abuse its discretion by granting them injunctive relief.
 {¶ 11} Appellants also argue that the public interest lies in allowing them to continue to operate their lawful business. Even if we were to agree that appellants' *Page 8 
business complied with all applicable laws (a conclusion we do not reach), and that the public interest generally favors the continued operation of lawful businesses, appellants have not demonstrated that this public interest outweighs the public interest served by the grant of injunctive relief. Therefore we overrule the first assignment of error.
 {¶ 12} Appellants' second assignment of error asserts that the court's order proscribes any beneficial use of their property. We disagree. The injunction only prohibits appellants from continuing the dust-producing activities that have been conducted on the property to date. Obviously, many other uses are open to defendants that do not involve storing, crushing, and transporting these dust-producing materials.
Affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 CHRISTINE T. McMONAGLE, J., and MARY J. BOYLE, J., CONCUR *Page 1